UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GRIFFITH,

    Plaintiff,

v.                                       Case No.:  8:20-cv-1698-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# **ORDER**[1]

Jennifer Griffith brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3)[2] to review a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. (Doc. 1.) For the reasons below, the Administrative Law Judge's (ALJ) decision (Tr. 504-42) is affirmed.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

Griffith filed for benefits in October 2010, claiming she could no longer work because of bipolar disorder, major depressive disorder, obsessive compulsive disorder, mood disorder, generalized anxiety disorder, panic attacks, and personality disorder. (Tr. 250-62, 292.) Since her applications have been pending for nearly twelve years, there is a long procedural history. The Court hits the highlights relevant to its review.

Griffith's initial applications were denied and went through the administrative process. An unfavorable decision in October 2012 was appealed to this Court and Griffith won. *See Menard v. Comm'r of Soc. Sec.*, No. 8:16-cv-2260-AAS. The case was remanded with instruction for the ALJ to reconsider Griffith's residual functional capacity (RFC) in light of a psychiatric review technique performed by Theodore Weber, Psy.D., a state agency consultant. (Tr. 685-95, "the 2017 remand order".)

Following remand, the Appeals Council entered an order consolidating the 2010 application with a new claim filed while the federal court case was pending.[3] The Appeals Counsel also instructed the Commissioner to "consolidate the subsequent claims with the current claims, associate the evidence, and issue a decision on the consolidated claims." (Tr. 718.) Following

---

[3] While the appeal was pending, Griffith filed applications for SSDI and SSI, which were denied in a decision by an ALJ. (Tr. 703-12.)

2

a hearing, an ALJ issued the decision now under review, again denying Griffith's request for benefits. (Tr. 504-42.)

The ALJ found Griffith had severe impairments of bipolar disorder, major depressive disorder, obsessive-compulsive disorder, borderline personality disorder, and history of substance abuse. (Tr. 510.) Nevertheless, he concluded Griffith had the RFC to perform a full range of work at all exertional levels, but with additional mental limitations:

> The claimant is able to perform work involving simple, routine, repetitive tasks in a low stress job, defined as having only occasional decision-making and occasional changes in the work setting with no production rate or pace work comparable to an assembly line where one worker's pace affects the entire production process, with only occasional in-person interaction with the public, coworkers, and supervision.

(Tr. 517.)

Griffith argues another remand is warranted for three reasons: (1) the ALJ failed to comply with the 2017 remand order; (2) the ALJ erred in evaluating a consultative examination performed by Richard Belsham, Ph.D.; and (3) the ALJ erred in evaluating the opinion of her treating psychiatrist, Amit Desai, M.D. (Doc. 36.) The Commissioner contends there is no error. (Doc. 36.)

## II. Standard of Review

Review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3)

(incorporating § 405(g)); *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). The "threshold for such evidentiary sufficiency is not high." *Id.*

If substantial evidence supports the ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, re-weigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

### III. Analysis

#### A. *The 2017 Remand Order*

Griffith first argues the ALJ did not acknowledge—let alone follow—the 2017 remand order, which instructed (in Griffith's view) the ALJ to incorporate Dr. Weber's PRT analysis into the RFC assessment. (Tr. 695.)

Griffith's argument is unpersuasive. The 2017 remand order directed the ALJ to reconsider the RFC, not to accept Dr. Weber's opinion and include those limitations in the RFC. The ALJ did as instructed. *See* 20 C.F.R. § 416.1477(b) ("The [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals

4

Council's remand order."). The ALJ considered Dr. Weber's assessment (Tr. 423-40) and gave it moderate weight. (Tr. 528-29.) And Griffith does not challenge the weight assigned to Dr. Weber's opinion. There was no error.

### B. *Opinions of Richard Belsham, Ph.D*

Consultative psychologist Richard Belsham examined Griffith in 2020 and completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)." (Tr. 1192-98.) Griffith argues that the ALJ's RFC analysis failed to account for the restrictive limitations found in Dr. Belsham's opinion, including that she had variable ability to maintain attention and concentration, her adaptability appeared unclear, her reliability is unknown, and she probably could not deal well with stress. (Doc. 36 at 47-48.) Dr. Belsham also opined that Griffith's anxiety and emotional stability would be a contingent factor, and that she had moderate limitations in interacting appropriately with others and mild to marked limitations in responding to usual work situations and changes in work settings. (Doc. 36 at 48-49.) Griffith argues the ALJ had to (but did not) include these limitations in the RFC.

The Court again disagrees. The ALJ properly considered the record in assessing Griffith's RFC, and substantial evidence supports the ALJ's assessment. (Tr. 517-30); s*ee* 20 C.F.R. §§ 404.1529(a), 404.1545(a)(3). In determining Griffith's RFC, the ALJ cited her normal mental status examinations, moderate abnormalities on examination, consultative

5

examinations and opinions, assessment of her impairments as only mild to moderate, stability on medication regimen without side effects, self-reports of low symptom severity, noncompliance with treatment, and stability with compliance. (Tr. 519-24.)  This evidence is more than enough to support the restrictions found.

And contrary to Griffith's argument, the ALJ properly considered Dr. Belsham's opinion. When Griffith applied for benefits, administrative law judges were instructed to defer to a claimant's treating physician "unless there was good cause not to." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022); *see also Choquette v. Comm'r of Soc. Sec.*, 695 F. Supp. 2d 1311, 1329-30 (M.D. Fla. 2010) ("Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight."). An ALJ may discount a doctor's opinion, including a treating doctor's opinion, when the opinion is conclusory, the doctor fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c). The opinions of one-time examiners, however, are not entitled to any special deference or consideration. And the regulations do not impose the same articulation burden on ALJs in evaluating the opinions of non-treating doctors. *See* 20 C.F.R. §§ 404.1502, 404.1527(c)(2).

6

Dr. Belsham was a one-time examiner, so the ALJ owed his opinions no particular deference. Even so, the ALJ considered Dr. Belsham's opinion over two paragraphs in the decision and incorporated his findings in the RFC by limiting Griffith to the most she could do. The ALJ afforded the opinion significant weight and considered the opinion with the record as a whole and found that Griffith would be better suited to performing simple, routine, repetitive tasks in a low-stress work environment. (Tr. 525.) The ALJ concluded that Griffith needed routine and repetitive tasks and that she could tolerate only occasional changes in the work setting. (Tr. 525.) The ALJ also included a limitation to restrict Griffith's in-person interaction with the public, coworkers, and supervisors to account for Dr. Belsham's opinion that her anxiety and emotional stability would be contingent factors. (Tr. 525.) These limitations incorporate Dr. Belsham's opinion. *See* Tr. 525 ("Thus, overall, the undersigned affords significant weight to Dr. Belsham's opinion and deviates from his opinion primarily to assess more restrictive limitations on the claimant's ability to perform mental work functions.").

A claimant's RFC is an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1546(c); *Robinson v. Astrue,* 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors"). An ALJ must consider all relevant record evidence. 20 C.F.R. § 404.1520(a)(3). But the regulations do not require an ALJ

7

to adopt every part of an opinion they otherwise find persuasive. Under this standard, there was no error.

### C. *Opinions of Amit Desai, M.D.*

Dr. Desai was one of Griffith's treating psychiatrists at Manatee Glens Clinic. In 2012, Dr. Desai completed a one-page mental RFC form. (Tr. 480.) Dr. Desai reported that Griffith is precluded for 15% of an 8-hour day of being aware of normal hazards and taking appropriate precautions; and is preluded for 25% of an 8-hour workday from maintaining attention and concentration for extended periods, sustaining an ordinary routine without special supervision, and working in coordination with others without being distracted by them. (Tr. 480.) Dr. Desai further opined that Griffith is preluded for 50% or more of an 8-hour workday from seven activities, including completing a normal workday and workweek without interruptions from psychologically based symptoms. (Tr. 480.)

The ALJ, while recognizing that Griffith treated with Dr. Desai, gave little weight to Dr. Desai's opinion because "the significance of these limitations is not supported by or consistent with Dr. Desai's previous assessments of the claimant's symptoms as generally 'mild to moderate,' nor is it supported by or consistent with the claimant's reported symptoms severity as only '3' on a scale of 1 to 10." (Tr. 521.) Griffith argues the ALJ failed to set forth good cause for rejecting Dr. Desai's opinion.

As mentioned, Courts have found good cause to reject a treating physician's opinion when: (1) it is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with her own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). This case falls comfortably into category three.

For instance, Griffith's mental status exams performed by Dr. Desai were generally within normal limits, she was doing okay with her depression, had mild mood swings, and she reported that her symptoms were controlled with medication. (Tr. 483-84, 490-503.) Both Dr. Desai and Alecia Lidge, PA, with whom she treated at the same clinic, consistently assessed Griffith's symptom severity as "mild to moderate," Griffith consistently reported symptoms severity as only "2" or "3" on a scale of 1 to 10, and often noted that she was generally stable on her medication regimen with no side effects. (Tr. 490-95.) As the ALJ correctly observed, these results undermine Dr. Desai's ultimate opinion that Griffith suffered such significant mental limitations she could not function in a work environment. *See Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (finding good cause to reject treating physician's opinion where it was contradicted by other notations in the record); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (finding ALJ

9

properly discounted treating physician's disability opinion based on the claimant's statements of improvement).

That is not all. The ALJ also relied on inconsistencies between Dr. Desai's opinions and the examination findings from the more recent assessment of Dr. Belsham and Griffith's own reports of her daily activities. (Tr. 524-25, 527.) Further, in assigning little weight to Dr. Desai's opinion, the ALJ undertook a longitudinal analysis of the entire record, beginning in 2012 up to 2019. (Tr. 522-25.) This review showed, among other things, that Griffith's symptoms improve when she takes her medication. (*See, e.g.*, Tr. 1181, 1183, 1190.)

While the evidence above may not be enough for Griffith, it is sufficient that a reasonable mind *might* agree with the ALJ's decision. And that is all the law requires. See *Wright v. Barnhart*, 153 F. App'x 678, 683 (11th Cir. 2005); *see also D 'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) ("Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error."). Griffith's argument essentially asks the Court to reweigh the evidence, which is not allowed. "Resolution of conflicts in the evidence, including conflicting medical opinions and determinations of credibility are not for the courts; such

10

functions are solely within the province of the Secretary." *Payne v. Weinberger,* 480 F.2d 1006, 1007 (5th Cir. 1973).

Finding no error with the ALJ's decision, the Commissioner's ruling must be **AFFIRMED**. The Court thus directs the Clerk to enter judgment for the Commissioner and against Jennifer Griffith and close the file.

**ORDERED** in Fort Myers, Florida on September 21, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record